UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00268-FDW-DSC

| | | |
|---|---|---|
| JAMES C. JACKSON; PATSY N. JACKSON; COLNAD, LLC, and THE COLNAD, LLC WELFARE BENEFIT PLAN AND TRUST, through its Co-Trustees, James Jackson and Patsy Jackson, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| vs. | ) ) | |
| ROBERT W. SAYMAN; CAPITAL CHOICE ADVISORS, INC.; and PACKERLAND BROKERAGE SERVICES, INC.; | ) ) ) ) | |
| Defendants. | ) ) | |

THIS MATTER is before the Court *sua sponte* concerning the status of this case. On December 9, 2013, this Court conducting a hearing on several pending motions. As a result of that hearing, the Court entered an oral order, followed by a text-only order appearing on the docket for this case, which ordered Plaintiffs and some Defendants (Clark Capital and Robert Sayman) to arbitrate the claims among them by July 1, 2014. The instant case was stayed until that time. In addition, the Court's scheduling order provided for a mediation deadline of October 21, 2014, for all parties. Although some parties have settled claims among them, the Court has not received any notification that arbitration was completed by July 1, 2014, particularly as it relates to Robert Sayman since he is still a party to this case, nor has the Court received a report of mediation for any remaining parties. The Court acknowledges that Plaintiffs and Defendant Packerland Brokerage Services have resolved claims among them and that a stipulation of dismissal is forthcoming.

It also appears to the Court that Defendant Capital Choice Advisors, Inc., has not properly answered or otherwise responded to the Amended Complaint (Doc. No. 29). The Answer filed by Robert W. Sayman, a Defendant who appears pro se, is of no effect as to Defendant Capital Choice. It is well-settled in North Carolina that a corporation cannot appear *pro se*. Gilley v. Shoffner, 345 F. Supp. 2d 563, 566 (M.D.N.C. 2004) (citing Microsoft Corp. v. Computer Serv. & Repair, Inc., 312 F.Supp.2d 779, 780 (E.D.N.C. 2004); In re 1103 Norwalk Street, L.L.C., No. 01−10059C−7G, 2003 WL 23211563 at *1 (Bkrtcy. M.D.N.C. 2003) ("it is well established that a corporation can appear only through a licensed attorney")). Courts have extended this rule to apply to all forms of business entities. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–02, 113 S. Ct. 716, 121 L.Ed.2d 656 (1993) (interpreting the rule prohibiting corporations from appearing pro se to apply to all artificial entities) (other citations omitted). Furthermore, default judgments are appropriate against corporations that have refused to hire counsel. United States v. LaRue, 7:05-CV-201-BO, 2008 WL 3539877 (E.D.N.C. Aug. 12, 2008) (citing Allied Colloids v. Jadair, Inc., 1998 WL 112719 (4th Cir., 1998)).

IT IS THEREFORE ORDERED that the parties shall file a status report as to the status of the claims and parties that remain in this case. Such status report shall be filed no later than Monday, November 3, 2014. Mr. Sayman shall include a statement in the status report indicating any efforts to obtain counsel for Defendant Capital Choice. Upon review of the status report, the Court may be inclined to grant Capital Choice fourteen (14) days to obtain counsel prior to entertaining any motion for default from Plaintiffs.

IT IS SO ORDERED.

Signed: October 27, 2014

Frank D. Whitney
Chief United States District Judge